IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| BRANDON GULLATTE | § | |
| VS. | § | CIVIL ACTION NO. 5:14-CV-8 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Brandon Gullatte, a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The Court ordered that this matter be referred to the Honorable Caroline Craven, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this Court. The magistrate judge has submitted a Report recommending that the petition be denied.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record and the pleadings. Petitioner filed objections to the magistrate judge's Report and Recommendation.

The Court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the Court concludes the objections are without merit. Petitioner's habeas claims should be dismissed because the disciplinary action did not result in a sanction that imposed upon a liberty interest. *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). In his objections, petitioner complains about the conditions

of his confinement. Those claims are not cognizable in a habeas petition, but he may pursue those claims by filing a civil rights action.

In this case, the petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the petitioner need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *Slack*, 529 U.S. at 483-84; *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). If the petition was denied on procedural grounds, the petitioner must show that jurists of reason would find it debatable: (1) whether the petition raises a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484; *Elizalde*, 362 F.3d at 328. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

Here, the petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason, or that a procedural ruling was incorrect. In addition, the questions

presented are not worthy of encouragement to proceed further. The petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability.

O R D E R

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation. A certificate of appealability will not be issued.

**It is SO ORDERED.**

**SIGNED this 1st day of May, 2014.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE